UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA NESSEL, Attorney General of the State of Michigan,

    Plaintiff,

v.

LULA CELLARS, LLC, d/b/a LULA CELLARS,

    Defendant.

No.

HON.

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIONS PURSUANT TO THE TWENTY-FIRST AMENDMENT ENFORCEMENT ACT AND MICHIGAN CONSUMER PROTECTION ACT**

Attorneys for Plaintiff

Felepe H. Hall (P59533)
Jason A. Geissler (P69322)
Assistant Attorneys General
Alcohol & Gambling Enforcement Div.
2860 Eyde Parkway
East Lansing, MI  48823
(517) 241-0210
hallf2@michigan.gov

Dated:  March 7, 2022

## I. PRELIMINARY STATEMENT

1. Plaintiff, Michigan Attorney General Dana Nessel, brings this lawsuit against Defendant, Lula Cellars, LLC, d/b/a Lula Cellars, (Lula Cellars) and seeks preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, and costs and fines pursuant to the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901, *et seq*.

2. Lula Cellars has illegally sold and shipped intoxicating liquors to consumers in Michigan without licensure by the Michigan Liquor Control Commission (MLCC).

3. These practices violate several provisions of the Michigan Liquor Control Code, as well as section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903.

4. The MLCC, in partnership with the Michigan Department of Attorney General, has dedicated extensive resources to enforcing Michigan's alcohol sale and shipping restrictions.

5. In furtherance of the efforts to combat illegal sales and shipments of alcohol and avoid litigation, Plaintiff Nessel has attempted

to stop Lula Cellars from making illegal sales and shipments by issuing a cease and desist letter.  See Exhibits 1 & 2.

6. Lula Cellars failed to comply with the cease and desist request.

7. Lula Cellars continues to violate the alcohol sale and shipping laws imposed by the Michigan Liquor Control Code and, in so doing, threatens the health, safety, and welfare of Michigan citizens.

8. The Twenty-first Amendment to the United States Constitution prohibits "[t]he transportation or importation into any State, Territory, or Possession of the United States for delivery or use therein of intoxicating liquors, in violation of laws thereof."  U.S. Const. Amend. XXI, § 2.

9. This lawsuit is required to restrain Lula Cellars from engaging or continuing to engage in the violations alleged, to enforce compliance with Michigan law, to enforce Michigan's authority over the transportation and importation of alcoholic liquor into Michigan, and to protect the health, safety, and welfare of its citizens.  See 27 U.S.C. § 122a(b)(1)-(2).

## II. PARTIES

10. Plaintiff Attorney General Dana Nessel brings this suit in her official capacity.

11. Defendant Lula Cellars, LLC, d/b/a Lula Cellars, is a California company located at 2800 Guntly Road, Philo, California.

## III. JURISDICTION

12. The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, permits state attorneys general to bring a civil action in federal district courts when the attorney general "has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor." 27 U.S.C. § 122a(b).

13. "Intoxicating liquor" is defined in the Twenty-first Amendment Enforcement Act as "any spirituous, vinous, malted, fermented, or other intoxicating liquor of any kind." 27 U.S.C. § 122a(2).

14. This Court has jurisdiction pursuant to subsection (c)(1) of the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(1), which provides in relevant part:

> The district courts of the United States shall have jurisdiction over any action brought under this section by an attorney general against any person, except one licensed or otherwise authorized to produce, sell, or store intoxicating liquor in such state.

15. Lula Cellars is not licensed or otherwise authorized to produce, sell, or store intoxicating liquor in the State of Michigan.

16. Plaintiff's state law claims are so related to the action over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. As such, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

### IV. <u>VENUE</u>

17. The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2), provides that "[a]n action under this section may be brought only in accordance with section 1391 of Title 28 or in the district in which the recipient of the intoxicating liquor resides or is found."

18. Lula Cellars made an illegal sale and shipment of intoxicating liquor to an MLCC investigator.

19. The MLCC investigator to whom Lula Cellars sold and shipped intoxicating liquor resides in Mason, Michigan.

20. Mason, Michigan is in Ingham County and is located in the Western District of Michigan federal judicial district.

21. Venue in the Western District is therefore appropriate pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2).

## V. BACKGROUND

22. Since 2015, with the close assistance of the Attorney General's Alcohol and Gambling Enforcement Division, the MLCC has focused on unlicensed entities illegally selling and shipping beer and wine to consumers in Michigan.

23. For the reasons alleged in this Complaint, Plaintiff has reasonable cause to believe that Lula Cellars is violating Michigan laws governing the transportation and importation of intoxicating liquor.

24. Lula Cellars continues to sell and ship wine directly to Michigan consumers despite not holding a direct shipper license in the State of Michigan. Lula Cellars' activities constitute illegal importation of intoxicating liquors.

25. Michigan law generally prohibits a person from selling, delivering, or importing alcoholic liquor in Michigan unless the "sale, delivery, or importation is made by the [C]ommission, the [C]ommission's authorized agent or distributor, an authorized distribution agent approved by order of the [C]ommission, a person licensed by the [C]ommission, or by prior written order of the [C]ommission." Mich. Comp. Laws § 436.1203(1).

26. "Alcoholic liquor" is defined in the Michigan Liquor Control Code as:

> any spiritous, vinous, malt, or fermented liquor, powder, liquids, and compounds, whether or not medicated, proprietary, patented, and by whatever name called, containing ½ of 1% or more of alcohol by volume that are fit for use for food purposes or beverage purposes as defined and classified by the [C]ommission according to alcoholic content as belonging to 1 of the varieties defined in this chapter.

Mich. Comp. Laws § 436.1105(3).

27. Michigan allows only "direct shipper" licensees to sell and ship wine from outside the state directly to consumers in Michigan. *See* Mich. Comp. Laws § 436.1203(4). "Direct shipper" is defined in the Michigan Liquor Control Code as either of the following:

7

> (i) A wine manufacturer that sells, delivers, or imports wine it has manufactured, bottled, and registered with the commission, to consumers in this state or that is transacted or caused to be transacted through the use of any mail order, internet, telephone, computer, device, or other electronic means, or sells directly to consumers on the winery premises.
>
> (ii) A wine manufacturer that purchases wine from another wine manufacturer and further manufactures or bottles the wine or purchases shiners of wine from another wine manufacturer in compliance with section 204a, registers the wine with the commission and sells the wine to consumers in this state that is transacted or caused to be transacted through the use of any mail order, internet, telephone, computer, device, or other electronic means, or sells directly to consumers on the winery premises.

Mich. Comp. Laws § 436.1203(25)(i).

28. Only a licensed Michigan wine maker or an out-of-state wine producer and bottler holding both a federal basic permit and a license to manufacture wine in its state of domicile may qualify for a direct shipper license. Mich. Comp. Laws § 436.1203(10).

29. Wine satisfies the definitions of "intoxicating liquor" in the Twenty-first Amendment Enforcement Act and "alcoholic liquor" in the Michigan Liquor Control Code.

## VI.   FACTS

30.   Lula Cellars has not applied for or received a license to sell or ship alcoholic liquor pursuant to the Michigan Liquor Control Code.

31.   On or about September 25, 2019, an MLCC investigator reviewed common carrier reports that United Parcel Service had submitted to the MLCC pursuant to Mich. Comp. Laws § 436.1203 concerning shipments of intoxicating liquor into Michigan in 2018 and 2019.  Ten shipments were listed as being shipped to Michigan addresses by Lula Cellars, LLC, d/b/a Lula Cellars.

### Cease and Desist Letter

32.   On or about December 6, 2019, the Michigan Department of Attorney General sent a cease and desist letter to Lula Cellars, LLC, d/b/a Lula Cellars at the same return address provided on the common carrier reports.  (Exhibit 1, Cease & Desist Letter, mailing address).

33.   An additional copy of the cease and desist letter was sent to 1999 Harris Street, 25th Floor, Oakland, CA, 94612.  This address was listed for the registered agent for Lula Cellars, LLC, d/b/a Lula Cellars. (Exhibit 2, Registered Agent Cease & Desist Letter).

34. Both letters were sent via certified mail, return receipt requested. The receipt for the Guntly Road address was signed by Dan Reed and returned to the Department of Attorney General. The Harris Street receipt was returned unsigned. (Exhibit 3, Return Receipts).

35. The cease and desist letter informed Lula Cellars that its practice of directly shipping wine to consumers in the State of Michigan without possessing a direct shipper license is illegal. Furthermore, the cease and desist letters stated that legal action would result if Lula Cellars continued its illegal activity of selling and shipping alcoholic liquor directly to consumers in Michigan without the proper license. (Exhibits 1 & 2).

### Shipment to MLCC Investigator

36. On or about March 16, 2021, a MLCC investigator placed an order on Lula Cellars' website, www.lulacellars.com, for the purchase and delivery of a 750 ml bottle of 2019 Chardonnay wine to be shipped to Mason, MI. (Exhibit 4, Order Documentation).

37. The MLCC investigator purchased the wine for $32.00, paid $18.18 for shipping and $1.92 in taxes. *Id.*

38. On or about March 22, 2021, the MLCC investigator received a package containing a 750 ml bottle of 2019 Chardonnay wine that was shipped to Mason, MI.  (Exhibit 5, Package Photo of Order).

39. The package's return address read: 2800 Guntley [sic] Road, Philo, CA, 95466.  (Exhibit 6, Return Label).

## COUNT I

## CAUSE OF ACTION UNDER TWENTY-FIRST AMENDMENT ENFORCEMENT ACT

40. Plaintiffs incorporate by reference paragraphs 1-39 as if fully restated herein.

41. Subsection (b) of the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(b), provides for temporary and permanent injunctive relief, as follows:

> If the attorney general has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor, the attorney general may bring a civil action in accordance with this section for injunctive relief (including a preliminary or permanent injunction) against the person, as the attorney general determines to be necessary to--
>
> (1) restrain the person from engaging, or continuing to engage, in the violation; and

11

(2) enforce compliance with the State law.

42. Because Lula Cellars lacked a direct shipper license, its sale and shipment of wine to a Michigan consumer violated the prohibition in Mich. Comp. Laws § 436.1203(1).

43. Because Lula Cellars does not fit within one of the categories of persons permitted to sell, deliver, or import wine in Mich. Comp. Laws § 436.1204(1), its sales and shipments of wine violate that statute.

44. Both Mich. Comp. Laws § 436.1203 and § 436.1204 are state laws regulating the importation and transportation of intoxicating liquor.

45. Defendant has also violated section 901(1) of the Michigan Liquor Control Code, Mich. Comp. Laws § 436.1901(1), which also regulates the importation and transportation of intoxicating liquor. That provision states:

> A person, directly or indirectly, himself or herself or by his or her clerk, agent or employee shall not manufacture, manufacture for sale, sell, offer or keep for sale, barter, furnish, or import, import for sale, transport for hire, or transport, or possess any alcoholic liquor unless the person complies with this act.

46. Violating the Michigan Liquor Control Code constitutes a crime. *See* Mich. Comp. Laws § 436.1909.

47. Absent temporary and permanent injunctive relief, Defendant may make similar illegal sales and shipments of alcoholic liquor to Michigan consumers in the future.

48. All nonjudicial means of restraining Lula Cellars from engaging in these violations and enforcing compliance with these Michigan laws have proven inadequate.

49. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act prohibiting Lula Cellars from making future sales and shipments of alcoholic liquor to Michigan consumers.

## COUNT II

## MICHIGAN CONSUMER PROTECTION ACT VIOLATIONS

50. Plaintiff incorporates by reference paragraphs 1-49 as if fully restated herein.

51. Lula Cellars has engaged in illegal alcohol sales and shipments in Michigan to a Michigan consumer.

52. These practices by Lula Cellars constitute unlawful "[u]nfair, unconscionable, or deceptive methods, acts, or practice in the conduct of trade or commerce" under section 3 of the Michigan

Consumer Protection Act, Mich. Comp. Laws § 445.903(1), because, by these actions, Lula Cellars has:

> (a) Caus[ed] a probability of confusion or misunderstanding as to . . . the approval . . . of goods or services.
>
> * * *
>
> (c) Represent[ed] that goods . . . have approval . . . that they do not have . . . .
>
> * * *
>
> (n) Caus[ed] a probability of confusion or of misunderstanding as to the legal rights . . . of a party to a transaction.
>
> * * *
>
> (s) Fail[ed] to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not be reasonably known by the consumer.
>
> * * *
>
> (bb) Ma[de] a representation of fact . . . material to the transaction such that a person reasonably believes the represented . . . state of affairs to be other than it actually is.
>
> (cc) Fail[ed] to reveal facts which are material to the transaction in light of representations of fact made in a positive manner.

53. Section 5(1) of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.905(1), provides for penalties for each violation of the Act up to $25,000.00, including injunctive relief and costs.

54. Accordingly, Defendant is liable for and should be assessed civil penalties for each of the Michigan Consumer Protection Act violations.

## REQUESTED RELIEF

Plaintiff respectfully requests this Honorable Court to enter an Order providing for:

a)  Preliminary and permanent injunctive relief under the Twenty-first Amendment Enforcement Act enjoining Defendant from continuing to violate Mich. Comp. Laws §§ 436.1203(1), 436.1204(1), and 436.1901(1);

b)  Preliminary and permanent injunctive relief under the Michigan Consumer Protection Act enjoining Defendant from continuing to violate the applicable provisions of that Act, Mich. Comp. Laws § 445.905(1);

c)  The imposition of cumulative civil penalties against Defendant pursuant to section 5(1) of the Michigan

Consumer Protection Act, specifically $25,000.00 for each violation of the Act, including violations learned of through the course of discovery, Mich. Comp. Laws § 445.905(1);

d) Reimbursement of investigative expenses incurred, Mich. Comp. Laws § 445.905(1);

e) An award of costs and attorney fees, Mich. Comp. Laws § 445.905(1); and

f) Any other relief determined to be just and appropriate.

Respectfully submitted,

s/ Felepe H. Hall
Felepe H. Hall (P59533)
Jason A. Geissler (P69322)
Assistant Attorneys General
Alcohol & Gambling Enforcement Division
2860 Eyde Parkway
East Lansing, MI 48823
(517) 241-0210
hallf2@michigan.gov

Dated: March 7, 2022